IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 1:14CR135 |
| Miguel Arnulfo Valle Valle, | : |
| Luis Alonso Valle Valle, | : |
| | : Judge Liam O'Grady |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MIGUEL ARNULFO VALLE VALLE AND LUIS ALONSO VALLE VALLE MOTION
FOR A BILL OF PARTICULARS**

Come now the defendants, Miguel Arnulfo Valle Valle ("Miguel") and Luis Alonso Valle Valle ("Luis") (collectively "the Valles"), by and through undersigned counsel, pursuant to pursuant to Federal Rules of Criminal Procedure, Rule 7(f) and the Fifth and Sixth Amendments to the United States Constitution, and submits this memorandum in support of their Motion for a Bill of Particulars.

In June of 2014, the grand jury returned a superseding indictment in the Eastern District of Virginia against the Valles and 13 additional named defendants for the charges of Conspiracy to Distribute 5 Kilograms or More of Cocaine in violation of 18 U.S.C. §§ 841 and 846 (Count 1), Conspiracy to Distribute 5 Kilograms or More of Cocaine Knowing and Intending that it be Imported into the United States in violation of 21 U.S.C. §§ 959 and 963 (Count 2), and Conspiracy to Engage in Money Laundering in violation of 18 U.S.C. § 1956 (Count 3).

The Valles have filed a motion to dismiss conspiracies charged in Counts 1 and 3 based upon the grounds that the Eastern District of Virginia (EDVA) lacks venue. [DE-64].[1] Within

---

[1] The government has conceded their inability to proceed on Count 2 of the superseding indictment. (*Gov't's Mem. at p.3*) [DE-73].

their response to the Valles motion to dismiss, the government asserts three arguments that they believe provide a basis for the Court to deny the motion; 1) the indictment adequately alleges venue, 2) the government will produce sufficient evidence at trial to establish venue as to the conspiracies alleged in Counts 1 and 3 because co-conspirators committed acts in furtherance of the conspiracies in this district, and 3) the motion to dismiss is really a multiple conspiracies argument that cannot be resolved by pretrial motions because it is an evidentiary trial issue. The Valles disagree with the government's assertions and have filed a reply to the response [DE-76].

Nevertheless, without conceding the veracity of the government's arguments, should this Court agree with the government's position, then the defense believes that they are entitled to the entry of an order requiring the government to provide a Bill of Particulars which will provide adequate information that will allow the Valles to understand the basis for the charges contained in the conspiracies charged in Counts 1 and 3.

> "Fed.R.Crim.P. 7(c)(1) requires that an indictment 'shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.' The Fifth Amendment states that '[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury.' The Sixth Amendment provides that the accused has the right 'to be informed of the nature and cause of the accusation.'"

*United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987).

Given the way that the superseding indictment is currently drafted, the Valles have not been provided with a "definite written statement of the essential facts constituting the offense charged" or the nature and cause of the accusation." The superseding indictment and discovery provided thus far by the Government portrays two *separate* conspiracies charged *within* each of Counts 1 and 3. One conspiracy alleges that co-defendants Dirlo, Abner, Aristides, Jose Inocente, Marlen, Osman, Adali and Raul's conspired to distribute cocaine and launder proceeds from that conspiracy to distribute within the Eastern District of Virginia. The other conspiracy

2

alleges that the Valles' conspired to transport cocaine through the Honduras to locations in North America. The Valles were not a part of the first conspiracy and there is no venue in the Eastern District of Virginia under which to prosecute the Valles for the second conspiracy

As a result, without additional information as to; 1) the specific acts committed by the Valles that occurred in the Eastern District of Virginia, 2) acts committed by their co-conspirators that would impugn the knowledge to the Valles that the cocaine sent out of the Honduras would enter and remain in the Eastern District of Virginia, the Valles cannot adequately defend themselves against the lack of venue contained within the allegations in Counts 1 and 3 of the superseding indictment. The only way for the Valles to obtain this detailed information is by the entry of an Order requiring the government to provide a Bill of Particulars. "A bill of particulars is appropriate when an indictment fails (1) to provide adequate information to allow a defendant to understand the charges and (2) to avoid unfair surprise. *See United States v. American Waste Fibers Co.,* 809 F.2d 1044, 1047 (4th Cir.1987).

Finally, in view of the fact that the government acknowledges that the only way to refute the existence of multiple conspiracies is to allow the case to proceed to trial, they cannot be allowed to simply rely upon the allegations contained within the superseding indictment to put forth the basis of a single conspiracy that has venue in the Eastern District of Virginia. Based solely upon the language contained within the superseding indictment there exists an ambiguity as to the basis for venue against the Valles in this district.

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, *as long as* 'those words of themselves fully, directly, and expressly, *without any uncertainty or ambiguity*, set forth all the elements necessary to constitute the offense intended to be punished.'" *Am. Waste Fibers Co.*, *id at* 1046-47 (*emphasis added, internal citations*

*omitted*). Without allowing the Valles to adequately understand the factual basis for the venue supporting the charges *in this district*, they cannot prepare themselves to defend against the multiple conspiracies charged within the superseding indictment.

## CONCLUSION

Based on the foregoing, as well as such additional evidence and argument as may be presented in open court, the defendants, Miguel Arnulfo and Luis Alonso Valle Valle, request that this Honorable Court use its discretion to enter an order requiring the government to provide a Bill of Particulars that will provide adequate information, as outlined in the Valles Motion for a Bill of Particulars, that will allow the Valles to understand the basis for the charges contained in conspiracies charged in Counts 1 and 3 and to avoid unfair surprises.

Respectfully submitted,

/s/
WILLIAM B. CUMMINGS, ESQUIRE
Virginia Bar No.: 06469
Local Counsel for Miguel Arnulfo Valle Valle
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, Virginia 22313
Tel: (703)836-0238
Fax: (703)836-0238
Email: wbcpclaw@aol.com


s/ Jay A. White .
Jay A. White
Counsel for Miguel Arnulfo Valle Valle
White, White & Associates, P.A.
One Northeast 2nd Avenue
Miami, Florida 33132
Tel: (305)-358-1100
Fax: (305)-358-2530
Email: jay@jayawhite.com
Florida Bar No.: 717850

4

    *s/ David S. Weinstein* .
David S. Weinstein
Counsel for Miguel Arnulfo Valle Valle
(Pending Pro Hac-Vice approval)
799 Brickell Plaza
Suite 900
Miami, Florida 33131
Tel: (305) 377-0700
Fax: (305) 377-3001
Email: dweinstein@cspalaw.com
Florida Bar No.:749214

    */s/*
Gregory Todd Hunter, Esquire
Virginia Bar No. 45489
Local Counsel for Luis Alonso Valle Valle
Law Office of Gregory Hunter
2055 North 15th Street, Suite 302
Arlington, VA 22201
Tel: (703) 966-7226
Fax: (703) 527-0810
Email: greghunter@mail.com


    *s/ Paul Fraynd* .
Paul Fraynd
Counsel for Luis Alonso Valle Valle
Law Office of Paul Fraynd, P.A.
The White Building
2nd Floor
Miami, Florida 33132
Tel: (305) 358.1227
Fax: (305) 358.2503
Email: Paul.Fraynd.Law@gmail.com
Florida Bar No.: 493961

# **CERTIFICATE OF SERVICE**

      I hereby certify that on March 17th, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System.

                                              /s/
                                WILLIAM B. CUMMINGS, ESQUIRE
                                Virginia Bar No.: 06469
                                Local Counsel for Miguel Arnulfo Valle Valle
                                WILLIAM B. CUMMINGS, P.C.
                                Post Office Box 1177
                                Alexandria, Virginia 22313
                                Tel: (703)836-0238
                                Fax: (703)836-0238
                                Email: wbcpclaw@aol.com