IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>MIGUEL ARNULFO VALLE VALLE, *et al.*<br>Defendants. | Criminal No. 1:14-cr-135<br><br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the ex parte sealed reports of conflict counsel. Previously, the government filed sealed motions to disqualify counsel and resolve apparent conflicts of interest concerning the representations of: defendant Miguel Arnulfo Valle Valle ("Arnulfo") by Jay White, Esq., William Cummings, Esq., and David Weinstein, Esq.; defendant Luis Alonso Valle Valle ("Luis") by Paul Fraynd, Esq. and Gregory Hunter, Esq.; defendant Jose Inocente Valle Valle (also known as "Chentillo") by Manuel Leiva, Esq.; and defendant Marlen Griselda Amaya Argueta ("Marlen") by Daniel Lopez, Esq. (Dkt. No. 90). The Court heard oral argument on May 20, 2015.

In response to the government's motion, Mr. White and Mr. Fraynd requested leave to withdraw from representation of defendants Arnulfo and Luis due to the appearance of or potential for conflict as a result of their fee arrangement. For the reasons stated during the hearing, the Court found that there was an actual conflict because Mr. White and Mr. Fraynd interviewed two of their clients' codefendants, creating the likelihood that the attorneys

1

themselves may become witnesses in this action. Accordingly, the Court granted the motions for Mr. White and Mr. Fraynd to withdraw from representation of Arnulfo and Luis.

With respect to defendants Chentillo and Marlen, the Court appointed conflict counsel to examine the conflict issue. The Court's order reserved further decision on the issue pending receipt of the reports of conflict counsel.

Conflict counsel have conducted interviews and reviewed documents, culminating in written reports submitted ex parte and under seal to the Court. Having reviewed the reports of conflict counsel, the Court finds that Mr. Leiva and Mr. Lopez received funds from Mr. White as payment of legal fees for their representations of Chentillo and Marlen respectively. This fee arrangement was disclosed by counsel voluntarily and is in itself not unethical or out of the ordinary. However, such payment was likely inconsistent with the limitations imposed by Mr. White's U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") license. Mr. Leiva and Mr. Lopez therefore could be called as witnesses or otherwise involved in a potential future action against Mr. White. Further, Mr. Leiva and Mr. Lopez could themselves be subject to civil and/or criminal liability if they knowingly accepted funds in violation of the limitations on Mr. White's OFAC license. Moreover, as it is unlikely the attorneys can receive further funds from Mr. White due to the potential OFAC violation, their ability to further represent the defendants at trial or sentencing is impaired. This creates a legitimate question that the attorneys' advice to their clients will be impacted by their interest in receiving compensation for future legal work.

For the reasons discussed above, the Court finds that an actual conflict exists with respect to the representations of Chentillo by Mr. Leiva and Marlen by Mr. Lopez. The Court further

finds that the conflict cannot be cured by waiver. Accordingly, it is hereby ORDERED that:

1. Mr. Leiva and Mr. Lopez are DISQUALIFIED from representation of defendants Chentillo and Marlen;

2. The Court will APPOINT new counsel for defendants Chentillo and Marlen forthwith.

Date: June 23, 2015

/s/
Liam O'Grady
United States District Judge

Alexandria, Virginia